IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE AND MARGUERITA TAPLIN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-3404-M-BN |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States Chief District Judge Barbara M. G. Lynn *See* Dkt. No. 3.

Plaintiffs Willie and Marguerita Taplin filed an Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosure in the 14th Judicial District in Dallas County. *See* Dkt. No. 1.

Defendant Wells Fargo Bank, N.A. timely removed the case and filed a Motion for Summary Judgment [Dkt. No. 11]. Plaintiffs did not file a response, and their time to do so has since passed. *See* N.D. TEX. L. CIV. R. 7.1.

This case turns on Defendant's attempted foreclosure of Plaintiffs' real property after Plaintiffs defaulted on their loan payments. Plaintiffs bring claims of fraud, wrongful foreclosure, breach of contract, and Texas Finance Code Chapter 392 violations, as well as quiet title and trespass to try title claims. Defendant, however, contends that it is entitled to summary judgment on all claims.

The Court should grant Defendant's Motion for Summary Judgement as to all of Plaintiffs' claims.

## Background

As security for a loan to purchase real property located in Duncanville, Texas (the "Property"), Plaintiffs executed a Note on April 6, 2011, in favor of Network Funding, LP for $106,626, plus interest. *See* Dkt. No. 13, Ex. A-1 at App. 6. The Note promised to make payments to Network Funding, LP from June 2011 until May 2026. *See id.*

On February 6, 2013, Network Funding, LP assigned the mortgage to Defendant. *See* Dkt. No. 13, Ex. E at App. 118.

Plaintiffs then failed to make the May 2017 payment. *See* Dkt. No. 13, Ex. A-2 at App. 9. In response, on June 15, 2017, Defendant issued Plaintiffs a Notice of Default, instructing Plaintiffs to remit a payment of $2,928.47 before July 20, 2017, to cure the default and avoid the possibility of acceleration. *See* Dkt. No. 13, Ex. A-3 at App. 48.

The following day, Defendant issued Plaintiffs a notice requesting an in-person meeting to "review [Plaintiffs'] financial situation and discuss mortgage payment assistance options that may help to bring [their] account current." Dkt. No. 13, Ex. A-1 at App. 6. The return receipt was signed for on delivery. *See* Dkt. No. 13, Ex. A-5 at App. 54.

Defendant sent a representative to the Property on July 8, 2017, but the

representative was not able to meet with Plaintiffs and left a flyer. *See* Dkt. No. 13, Ex. A at App. 4.

Defendant then hired Buckley Madole, P.C. (currently known as Bonial & Associates, P.C.) as its foreclosure counsel. *See* Dkt. No. 13, Ex. B at App. 56. On September 25, 2017, Buckley Madole sent Plaintiffs, a Notice of Acceleration, and a Notice of the Substitute Trustee's Sale. *See* Dkt. No. 13, Ex. B at App. 60-66.

Plaintiffs, having not filed a response, have offered no competent summary judgment evidence to dispute the above facts. Plaintiffs' version of events were taken from their petition and are presented not because the Court should accept them as competent evidence in these circumstances but to present their version.

In their state court petition, Plaintiffs contend that they received the Notice of the Substitute Trustee's Sale but – up until that point – had not received a Notice of Default, Notice of Intent to Accelerate, or a communication to initiate an in-person consultation. *See* Dkt. No. 1, Ex. C-2 at App. 2.

On November 30, 2017, Plaintiffs filed an Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosure in the 14th Judicial District in Dallas County, with an attached Unsworn Declaration by their attorney. *See* Dkt. No. 1-5.

The state court issued a Temporary Restraining Order on December 5, 2017. Defendant filed an Answer on December 12, 2017, and then timely removed the case to this Court on the same day.

Defendant served Plaintiffs with Discovery Requests on February 27, 2018. *See*

3

Dkt. No. 13, Ex. C-1 at App.70-104. Representatives from Plaintiffs' counsel's firm received and signed for the documents, but Plaintiffs have not responded to the discovery requests, which include Federal Rule of Civil Procedure 36 requests for admission. *See* Dkt. No. 13, Ex. C-1 at App. 67-69; 105-106.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)

4

(internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.") (internal quotation marks and footnotes omitted). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [his or her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.") (internal quotation marks and footnote omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could

not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

Although Plaintiffs have not responded to Defendant's Motion for Summary Judgment, Plaintiffs' failure to respond does not permit the Court to enter a "default" summary judgment. *See Johnson v. Herzog Transit Servs.*, Inc., No. 3:11-cv-803-D, 2013 WL 164222, at *1 (N.D. Tex. Jan.15, 2013); *see also Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp.2d 545, 553 (N.D. Tex. 2009) ("Summary judgment may not be awarded by default merely because the nonmoving party has failed to respond. A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." (footnotes omitted)). But the Court is permitted to accept Defendant's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). And Plaintiffs' failure to respond means that they have not designated specific facts showing that there is a genuine issue for trial on any of his claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.

1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir.1991)).

Here, the pleadings are not verified by Plaintiffs, and, therefore, Plaintiffs have presented no summary judgment evidence, and, for that reason, too, the Court is allowed to accept Defendants' facts as undisputed. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012). Plaintiffs' counsel's attempting to verify at least some allegations in the state court petition through his unsworn declaration based on his "personal knowledge as represented to me by my clients," Dkt. No. 1-5 at 11 of 12, does not convert the petition into competent summary judgment evidence. *Accord Tate v. Starks*, 444 F. App'x 720, 726–27 & n.4 (5th Cir. 2011) ("Although Tate's attorney, Sylvia Owen, had signed the complaint and declared that it was true and correct under penalty of perjury, a verified complaint signed only by an attorney who, like Owen, lacks personal knowledge of a matter, is not competent summary judgment evidence, but only hearsay. Accordingly, the magistrate judge properly ignored it and recommended summary judgment." (footnote omitted; collecting cases)). Relaying statements made by an attorney's clients amounts to relying on hearsay and does not meet Federal Rule of Civil Procedure 56(c)(4)'s personal knowledge requirement for competent affidavits or declarations to oppose summary judgment. *See Bellard v. Gautreaux*, 675 F.3d 454, 460-61 (5th Cir. 2012).

8

## Analysis

**I.    The Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' breach of contract claim.**

In a claim for breach of contract, Plaintiffs contend that Defendants failed to notice Plaintiffs, thereby "violat[ing] many paragraphs of the Deed of Trust." *See* Dkt. No. 1, Ex. C-2. Specifically, Plaintiffs contend that Defendant did not provide them with a 20-day Notice of Default and a Notice of Intent to Accelerate, which violated the notice requirements in the Deed of Trust.

Defendant argues that Plaintiffs' breach of contract claim fails because (1) Plaintiffs are in prior material breach of the Deed of Trust and (2) Defendant simply did not breach the Deed of Trust.

Although Plaintiffs failed to put forth any evidence on their behalf, Defendants are not automatically entitled to summary judgment. *See Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir.1993) ("It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case."). But a moving party may meet its initial burden of showing that there is no genuine issue for trial by pointing out "the absence of evidence to support the nonmoving party's case." *Duffy v. Leading Edge Products*, 44 F.3d 308, 312 (5th Cir. 1995) (internal quotations and citation omitted).

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the

9

plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Defendant argues that Plaintiffs' claim fails because they cannot establish the second and third elements.

### A. Plaintiffs' obligations on its loan are independent of Defendant's notice obligations.

In their Complaint, Plaintiffs admitted that they failed to make payments on the loan. And Plaintiffs' failure to respond to Defendant's Request for Admissions, resulted in an admission to Request for Admission No. 5, that they failed to make payments on the loan. *See* Dkt. No. 13, Ex. C-1 at App. 78; FED. R. CIV. P. 36(a)(3).

While there is no genuine issue of material fact that Plaintiff is in material breach of the Deed of Trust, that is not dispositive as to the second element in a breach of contract claim.

Defendant cites to the district courts' decisions in *Brown v. Wells Fargo Bank, N.A.*, No. Civ. A. H-13-3228, 2015 WL 926573, at *3 (S.D. Tex. Mar. 4, 2015), and *Owens v. Bank of Am., NA*, No. Civ. A. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012), holding that, because the Plaintiffs had themselves defaulted on their mortgages, they could not establish the second element of a breach of contract claim.

But the United States Court of Appeals for the Fifth Circuit recently ruled in *Williams v. Wells Fargo Bank, N.A.* that

> Texas courts "must . . . attempt to give effect to all contract provisions so that none will be rendered meaningless." If performance of the terms of a deed of trust governing the parties' rights and obligations in the event

of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning. Such a reading is inconsistent with the intent of the parties and with Texas law.

*Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (quoting

*Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)).

Here, Plaintiffs' own breach is not dispositive of their ability to maintain a claim of breach of contract against Defendant because these notice terms would then be meaningless as they are only ever invoked subsequent to a default. Therefore, under this theory, Defendant is not entitled to summary judgment. *See id.*

**B.    Defendant has shown that no genuine issue of material fact exists as to whether it breached the contract.**

As to the breach allegation, Plaintiffs assert that Defendant did not provide them with a 20-day Notice of Default and a Notice of Intent to Accelerate, which was a violation of "the notice requirements in the Deed of Trust" and Chapter 392 of the Texas Finance Code. *See* Dkt. No. 1, Ex. C-2.

The Deed of Trust in question states that

> [a]ny notice to [Plaintiffs] provided for in this Security Instrument shall be given by delivering it or by mailing it first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address [Plaintiff] designates by notice to [Defendant]. . . . [A]ny notice provided for in this Security Instrument shall be deemed to have been given to [Plaintiffs] or [Defendant] when given as provided in this Paragraph. . . . . [T]his Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. . . . [I]f Lender invokes the power of sale, Lender of Trustee shall give notice of the time, place and terms of sale by posting an filing the notice at least 21 days prior to sale as provided by Applicable law.

Dkt. No. 13-1, Ex. B at App. 94-95. The Deed of Trust also contains a provision

11

specifically stating that, once proper notice is given, Defendants may "require immediate payment in full of all sums secured by [the] Security Instrument . . . if Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument . . . ." Dkt. No. 13-1 at 94.

To show that no genuine issue of material fact exist as to Defendant's alleged breach of contract, Defendant presents copies of four documents: (1) the Notice of Default and Intent to Accelerate issued on June 15, 2017, *see* Dkt. No. 13, Ex. A-3 at App. 48; (2) the Request for an In-Person Meeting issued on June 16, 2017, *see* Dkt. No. 13, Ex. A-1 at App. 6; (3) the signed first class mail return receipt for the Request for an In-Person Meeting, *see* Dkt. No. 13, Ex. A-5 at App. 54; and (4) the Notice of Acceleration and Notice of the Substitute Trustee's Sale on September 25, 2017, *see* Dkt. No. 13, Ex. B at App. 60-66, informing Plaintiffs that the foreclosure sale was set for December 5, 2017. A sworn declaration further notes that Defendant sent a representative to the Property to meet with Plaintiffs but did not find anyone at home on July 8, 2017. *See* Dkt. No. 13-1 at 3.

Defendant contends that "[t]here is no provision under the Deed of Trust that requires Plaintiffs receive any default or foreclosure-related notices to be effective." Dkt. No. 12 at 13 (emphasis omitted). It argues that its obligation was met upon mailing, because "'[s]ervice of notice is complete when the notice is sent via certified mail . . . . There is no requirement that [a plaintiff actually receive] the notice.'" *Id.* (quoting *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir.

2013)). The Texas Property Code § 51.002(e) supports this contention:

> Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

TEX. PROP. CODE § 51.002(e).

And, even if Plaintiffs' receipt of the notices were necessary, Plaintiffs' failure to respond to Defendant's Request for Admissions results in an admission to Request for Admission No. 6 and No. 9 that Plaintiffs received the Notice of Default and the Notice of Acceleration.

Plaintiffs' state court petition alleges only that "Plaintiffs have neither received the twenty-day notice of default, intent to accelerate as required by State and Federal Law nor has the Defendant followed notice requirements in the Deed of Trust"; "Plaintiffs have not received the in person consultation required under Federal Law"; "Plaintiffs were never provided with a notice of default and/or acceleration of the note by Defendant"; and – specifically as to breach of contract – "Defendant's failure to properly notice Plaintiffs violated multiple paragraphs of the Deed of Trust executed between Plaintiffs and Original Lender." Dkt. No. 1-5 at 3 of 12, 5 of 12.

Defendant met its summary judgment burden to show there is no genuine question of material fact, on this record, as to whether it failed to properly notice Plaintiffs, and Plaintiffs have come forward with no evidence to show otherwise.

The Court should determine that no genuine issue of material fact exists as to Plaintiffs' breach of contract claim, grant Defendant's Motion for Summary Judgment

13

as to that claim, and dismiss the claim with prejudice.

## II.    The Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' Texas Finance Code Chapter 392 violation claim.

Plaintiffs next contend that Defendants violated Chapter 392 of the Texas Finance Code. As with their breach of contract claim, Plaintiffs believe that Defendant did not provide them with a 20-day Notice of Default and an Intent to Accelerate notice, which violated Chapter 392 of the Texas Finance Code.

Defendant argues that Plaintiffs' Chapter 392 claim fails because (1) Plaintiffs failed to identify a specific provision in Chapter 392, (2) Plaintiffs provided no evidence to support their conclusory allegations, and (3) to the extent this claim is based on the non-receipt of default and foreclosure-related notices, the Texas Finance Code does not require actual receipt.

The Court should grant Defendant's Motion for Summary Judgment as to Plaintiffs' Chapter 392 violation claim for failure to state a claim or identify a provision on which the claim is based.

The Fifth Circuit has observed that, "in many cases, the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact." *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992). When a "motion for summary judgment only challeng[es] the sufficiency of the plaintiffs' pleadings, the motion should [be] evaluated much the same as a 12(b)(6) motion to dismiss." *Pruitt v. Bank of New York Mellon*, No. 3:15-cv-2359-L, 2016 WL 11258228, at *6 (N.D. Tex. Nov. 30, 2016), *rep. & rec. adopted in part, rejected in part*, 2017 WL 33383 (N.D. Tex. Jan. 3,

14

2017) (quoting *Ashe*, 992 F.2d 540 at 544). "[B]oth standards 'reduce to the same question," specifically, "if, accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim." *Id*.

Here, Plaintiffs contend that Defendant violated Chapter 392 because Defendant did not provide them with a 20-day Notice of Default and an Intent to Accelerate notice. But Plaintiffs do not specify which provision of this section Defendant violated, and so their claim is conclusory. Federal Rules of Civil Procedure Rule 8 now requires more than unadorned assertions not couched in factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); FED. R. CIV. P. 8. "Merely stating Defendant violated the [the Texas Finance Code], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law." *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011).

Here, Plaintiffs failed to state a claim and proffered only a legal conclusion. The undersigned recommends that the Court grant the Defendant's motion as to the alleged violation of the Chapter 392 claim and – where Plaintiffs failed to respond to Defendants' Motion for Summary Judgment or request leave to amend this claim – dismiss the claims with prejudice. *Accord Gilbert v. Outback Steakhouse of Fla. Inc.*, 295 F. App'x 710, 715 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (5th Cir. 2002).

### III.    The Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' wrongful foreclosure claims.

Plaintiffs contends that the intended foreclosure and sale of the Property was wrongful under Texas Property Code § 50.002 because Plaintiffs did not receive a Notice of Default, a Notice of Intent to Accelerate, a Notice of Acceleration, or a Notice of Trustee's Sale. As such, Plaintiffs claim, no sale could take place as Defendant's notice was defective. And, they claim, they had not received a notice inviting them to an in-person consultation, as required by law.

Defendant asserts that the wrongful foreclosure claim fails as a matter of law because (1) no foreclosure sale occurred, (2) there was no defect in the foreclosure proceedings, (3) Plaintiffs are still in possession of the property and have not tendered the amount due, and (4) there is no private right of action for failure to comply with Housing and Urban Development ("HUD") regulations.

The Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' wrongful foreclosure claim because no foreclosure sale occurred.

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) ("Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property."). The Fifth Circuit has explained that "Texas law recognizes three elements for a wrongful foreclosure claim: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a

causal connection between the defect and the grossly inadequate selling price"; that "[a] claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred"; and that "a party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018) (internal quotation marks and citations omitted).

Here, as a threshold issue, Plaintiffs' wrongful foreclosure claim fails as a matter of law simply because no foreclosure sale occurred. *See Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406-07 (5th Cir. 2017).

Plaintiffs filed their state court petition, and the state court issued a Temporary Restraining Order on December 5, 2017, preventing the Property's sale. Plaintiffs have not proffered any evidence to show that this sale did, in fact, happen. And Plaintiffs' failure to respond to Defendant's Request for Admissions, results in an admission to Request for Admission No. 29, that no foreclosure sale took place. *See* Dkt. No. 13, Ex. C-1 at App. 80; FED. R. CIV. P. 36(a)(3) (stating that a request for admission is admitted unless answered within 30 days from being served).

Since there was no sale, there cannot be an inadequate selling price. "Because an inadequate selling price is a necessary element of a wrongful foreclosure claim, a foreclosure sale is a precondition to recovery." *Martinez v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1700-L, 2014 WL 783477, at *3 (N.D. Tex. Feb. 27, 2014).

Moreover, a wrongful foreclosure claim based on an attempted foreclosure fails as a matter of law because Texas does not recognize such a claim. *See Foster*, 848 F.3d

17

at 406-07; *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 585598, at *9 (N.D. Tex. Feb. 11, 2015).

Because Plaintiffs have failed to point to any evidence to show that a foreclosure sale did occur, no genuine dispute exists as to any material fact as to the wrongful foreclosure claim. Accordingly, the Court should grant Defendant's Motion for Summary Judgment on this claim and dismiss it with prejudice.

**IV.   The Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' quiet title and trespass to try title claims.**

A suit to quiet title and a trespass to try title action are two distinct causes of action under Texas law. *See Richardson v. Wells Fargo Bank*, N.A., 873 F. Supp. 2d 800, 816 (N.D. Tex. 2012), *aff'd*, 538 F. App'x 391 (5th Cir. 2013). A trespass to try title action is a statutory cause of action that is "the method of determining title" to real property. TEX. PROP. CODE § 22.001; *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). A suit to quiet title is an equitable action intended to remove a cloud of title on property. *See Richardson*, 873 F. Supp. 2d at 816.

**A.    Plaintiffs' claims for quiet title fails on summary judgment.**

Plaintiffs argue that Defendant

clouded Plaintiffs' title by committing various acts and omissions, with [sic] both individually and collectively are the proximate cause and producing cause of the occurrence and damages sustained by Plaintiffs, including the filing of documents with the Ector County Clerk's office stating Lender. [sic] is the Lender of the note and mortgage when in fact they are not.

Dkt. No. 1, Ex. C-2.

Defendant argues that the Plaintiffs' claims for suit to quiet title fails because

18

(1) Defendant has not foreclosed on the Property, (2) Plaintiffs continue to reside at the Property, and (3) Plaintiffs cannot show that they have superior title to the Property.

"Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). "Thus, the plaintiff must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Id.* (internal quotation marks omitted).

Here, the uncontroverted summary judgment evidence shows that Plaintiffs were in default. Defendants have shown that in securing capital to purchase the Property, Plaintiffs executed a Note in favor of Network Funding, LP, who in turn, on February 6, 2013, assigned the mortgage to Defendant. *See* Dkt. No. 13, Ex. E at App. 118. Plaintiffs failed to make a payment on the mortgage. *See* Dkt. No. 13, Ex. A-2 at App. 9. As stipulated in the Deed of Trust, Defendant then issued Plaintiffs a Notice of Default and Intent to Accelerate, a Request for an In-Person Meeting, and a Notice of Acceleration and Notice of the Substitute Trustee's Sale. *See* Dkt. No. 13, Ex. A-3 at App. 48; Ex. A-1 at App. 6; Ex. B at App. 60-66.

No summary judgment evidence shows that Defendant had, at any time during which it was the holder of the Deed of Trust, an invalid or unenforceable claim to the Property. Instead, the uncontroverted summary judgment evidence shows that

Defendant had a valid and enforceable claim to the Property by virtue of Plaintiffs'
default on the mortgage note – which they did not cure – and Defendant's rights under
the terms of the Deed of Trust to pursue foreclosure. *See Lopez v. Sovereign Bank, N.A.*,
Civ. A. No. H-13-1429, 2014 WL 1315834 *5 (S.D. Tex. March 31, 2014) (a quiet title
claim cannot be maintained by a homeowner who is in default on their mortgage loan
unless such homeowner tenders the amount due on the note).

Because the uncontroverted summary judgment evidence negates an essential
element of Plaintiff claim to quiet title, the Court should grant Defendant's Motion for
Summary Judgment on this claim and dismiss it with prejudice.

**B.     Plaintiffs' claims for trespass to try title fails on summary
         judgment.**

Plaintiffs next contends that the facts stated in their pleading "evidence
Plaintiffs' legal right to the Property and establish title to maintain this trespass to try
title action" and asks the Court to "determine its title to the property, and right to
possess its [sic], under Civ. Prac. & Rem. Code Chapter 22 [sic], and them a judgment
accordingly." Dkt. No. 1, Ex. C-2.

As with Plaintiffs' quiet title claim, Defendant argues that the Plaintiffs' claims
for trespass to try title fail because (1) Defendant has not foreclosed on the Property,
(2) Plaintiffs continue to reside at the Property, and (3) Plaintiffs cannot show that
they have superior title to the Property.

Here, too, the Court should grant the Defendant's Motion for Summary
Judgment because Defendant has shown Plaintiffs' claims fail for the inability to prove

dispossession by Defendant.

A trespass to try title action is the remedy for parties to resolve competing claims to real property. *See* TEX. PROP. CODE § 22.001. Such an action "is a procedure by which rival claims to title or right of possession may be adjudicated." *Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex. 1983). "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). But, "in any case, once title is established, Plaintiffs must also tender the debt due." *Frank v. Wells Fargo Bank, N.A.*, No. CV 1:12-110, 2012 WL 13059515, at *7 (S.D. Tex. Aug. 14, 2012).

Here, Defendant has met its initial summary judgment burden, and Plaintiffs have proffered no evidence that Defendant dispossessed them from the Property. "[B]ecause Plaintiffs have not alleged that they have been dispossessed of the property by Defendant, they cannot state a claim for recovery in a trespass to try title action under Texas Property Code Section 22.001." *Robinson v. Bank of Am., N.A.*, No. 3:13-cv-869-L-BK, 2013 WL 7877027, at *2 (N.D. Tex. Sept. 11, 2013).

The Court should, therefore, grant Defendant's Motion for Summary Judgment on this claim and dismiss it with prejudice.

## V.    The Court should grant Defendant's Motion for Summary Judgment on Plaintiffs' fraud claims.

Plaintiffs raise two fraud claims. First, Plaintiffs allege that Defendant made

misrepresentations and omissions of material fact regarding Plaintiffs' ability to obtain a loan modification, which induced Plaintiffs not to act until receiving the Notice of Trustee's Sale. Second, Plaintiffs contend that Defendant held itself out to have the authority to initiate a foreclosure when, in fact, it did not. Plaintiff avers that the documents that Defendant proffered to assert such authority are fraudulent because Defendant either knew them to be false or made such representations of authority to foreclose without regard for the truth.

Defendant argues that both of Plaintiffs' fraud claims fail as a matter of law because (1) Plaintiffs can present no evidence of the alleged fraudulent statements or representations, (2) the claims are barred by the statute of frauds, and (3) the claims are barred by the economic loss rule.

The Court should grant Defendant's Motion for Summary Judgment as to the fraud claims based on Plaintiffs' failure proffer evidence that any genuine issue of material fact exists.

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir.2010).

Fraud claims must also comply with the Federal Rule of Civil Procedure 9(b) pleading requirements. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice,

intent, knowledge, and other conditions of a person's mind may be alleged generally."
FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and
how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*,
607 F.3d 1029, 1032 (5th Cir. 2010) (internal quotation marks omitted).

### A.    Plaintiffs' claim of fraud for misrepresentation during the loan modification is barred by the statute of frauds.

As to Plaintiffs' first claim that Defendant made misrepresentations and
omissions of material fact regarding Plaintiffs' ability to obtain a loan modification,
under Texas law, the statute of frauds makes any unwritten agreement for a loan in
excess of $50,000 unenforceable. *See* TEX. BUS. & COM. CODE § 26.02(b). An agreement
to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be
in writing to be enforceable." *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328-29
(5th Cir. 2013). And agreements to modify an existing loan agreement, including
agreements to delay repayment of money and forego or delay foreclosure are subject
to the statute of frauds." *Buren v. Green Tree Servicing LLC*, No. 3:14-cv-4510-L, 2017
WL 1426288, at *3 (N.D. Tex. Apr. 21, 2017) (internal quotation marks omitted).
"[U]nder Texas law, '[p]arties to a written contract that is within the provisions of the
[S]tatute of [F]rauds . . . 'may not by mere oral agreement alter one or more of the
terms.'" *Choe v. Bank of Am., N.A.*, No. 3:13-cv-120-D. 2013 WL 6159308, at *6 (N.D.
Tex. Nov. 25, 2013) (quoting *Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967)
(quoting *Robertson v. Melton*, 115 S.W.2d 624, 628 (Tex. 1938))).

Here, Plaintiffs' allegations of the promises made involve a loan in excess of

$50,000. Such a promise is therefore subject to the statute of frauds and must be in writing to be enforceable. *See Martins*, 722 F.3d at 256. Because there was no written agreement, Plaintiffs' fraud claim is barred by the statute of frauds.

The Court should, therefore, grant Defendant's Motion for Summary Judgment on this claim and dismiss it with prejudice.

### B. Plaintiffs have not proffered sufficient evidence to assert a fraud claim on Defendant's authority to foreclose.

Plaintiffs' second fraud claim also fails because the claim is not supported by evidence sufficient to survive summary judgment. Plaintiffs have provided no evidence to justify their conclusory claim that Defendant fraudulently held itself out to have the authority to initiate a foreclosure through false documents.

Defendant has shown that, in 2011, Plaintiffs executed a Note in favor of Network Funding, *see* Dkt. No. 13, Ex. A-1 at App. 6, which Network Funding, LP then assigned to Defendant, *see* Dkt. No. 13, Ex. E at App. 118. "The summary judgment record is devoid of any evidence, apart from [Plaintiffs'] unsupported speculation, that the purported misrepresentations were made knowingly or with reckless disregard for their falsity, or were "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Milton*, 508 F. App'x at 330 (internal quotation marks and citations omitted).

Viewed in the light most favorable to Plaintiffs, no court could conclude on the basis of the evidence before it that the Defendant's actions were fraudulent. *See Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10CV89, 2012 WL 844396, at *6 (E.D.

24

Tex. Mar. 12, 2012).

The Court should, therefore, grant Defendant's Motion for Summary Judgment on this claim as well and dismiss it with prejudice.

## Recommendation

For the reasons explained above, the Court should grant Defendant's Motion for Summary Judgment [Dkt. No. 11] and dismiss all of Plaintiffs Willie and Marguerita Taplin's claims against Defendant Wells Fargo Bank, N.A. with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE